UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBERTO GONZALEZ** | * | |
| | * | CIVIL ACTION NO. _____ |
| Plaintiff | * | |
| | * | SECTION "\_\_\_" |
| **VERSUS** | * | |
| | * | JUDGE: _____ |
| **PREMIER QUALITY IMPORTS, L.L.C.** | * | |
| **D/B/A PREMIER HONDA** | * | |
| | * | MAGISTRATE: _____ |
| Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT**, through his undersigned counsel of record, comes plaintiff, ROBERTO GONZALEZ ("Plaintiff" or "Mr. Gonzalez"), who respectfully represents that:

### Jurisdiction and Venue

1. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 as a federal question case arising under federal law, and under the supplemental jurisdiction of this court as provided in 28 U.S.C. §1367. This case is authorized and instituted pursuant to 42 U.S.C. §1981, protecting employees from racial and/or ethnic discrimination in employment.

2. Venue is proper in this court as Plaintiff was formerly employed by defendant, Premier Quality Imports, L.L.C. d/b/a Premier Honda ("Defendant" or "Premier Honda") in the Eastern District.

1

3. Plaintiff is an adult citizen of the United States and a resident of Jefferson Parish, Louisiana. Plaintiff was employed by Defendant from November 2014 until his termination on June 30, 2016.

4. Defendant is a Louisiana liability company doing business in the Eastern District of Louisiana.

## Factual Allegations

5. Mr. Gonzalez was employed by Defendant from November 2011 until June 30, 2016 as a Parts Manager. Throughout his employment, Mr. Gonzalez reported to Walter Cannon ("Mr. Cannon"), Service and Parts Director. Mr. Cannon, in turn, reported to Ashley Collins ("Mr. Collins"), General Manager.

6. Mr. Gonzalez's ethnic origin is Hispanic. Both Mr. Cannon and Mr. Collins are white and non-Hispanic. No other similarly situated Hispanic was employed with Defendant during Mr. Gonzalez's employment.

7. Throughout Mr. Gonzalez's employment, Mr. Cannon made numerous derogatory comments to Mr. Gonzalez regarding his ethnic background. Specifically, Mr. Cannon referred to Mr. Gonzalez as a "hot-headed Mexican," among other negative statements. Mr. Gonzalez is not, in fact, of Mexican ancestry.

8. During Mr. Gonzalez's employment, Mr. Gonzalez became aware of certain discrepancies involving Mr. Cannon's forecasts. Specifically, if Mr. Cannon was not meeting his

forecast, he would alter the numbers downward. Mr. Gonzalez questioned Mr. Cannon regarding this practice; however, Mr. Cannon stated that he did not believe his superiors would discover the issue.

9. Mr. Gonzalez additionally became aware of other inappropriate practices, including, but not limited to, discrepancies in certain reporting of parts sales, pricing, and other issues. Mr. Gonzalez questioned the same on several occasions in conversations with Mr. Cannon, and Mr. Cannon was thus aware of Mr. Gonzalez's opposition to illegal practices.

10. On June 27, 2016, at an off-site company-related event, Mr. Gonzalez and a white, non-Hispanic employee engaged in an argument.

11. On June 30, 2016, Defendant terminated Mr. Gonzalez – who Mr. Cannon had previously characterized as a "hot-headed Mexican" – ostensibly for the June 27, 2016 incident. The white, non-Hispanic employee was not terminated.

12. Upon information and belief, the decision to terminate was made and/or approved by both Mr. Collins and Mr. Cannon.

13. In or around February 2017, Mr. Collins was arrested on charges of financial misconduct involving his employment with Defendant.

## Count 1 – Racial/Ethnic Discrimination – 42 U.S.C. § 1981

14. Plaintiff hereby re-adopts and re-alleges paragraphs 1 through 13 above as if fully set forth herein.

15. Defendant's termination of Plaintiff's employment constituted discrimination in violation of 42 U.S.C. § 1981.

16. As a result of said termination, Plaintiff has suffered damages, including lost pay and benefits, emotional distress, and other damages.

17. Plaintiff is entitled to recover, and hereby seeks, said damages, including back pay, front pay, benefits, compensatory damages, reinstatement, injunctive and declaratory relief, attorneys' fees and costs and punitive damages.

## Count 2 – Louisiana Whistleblower Claim

18. Plaintiff hereby re-adopts and re-alleges paragraphs 1 through 17 above as if fully set forth herein.

19. Defendant violated the law through various workplace acts and/or practices.

20. Plaintiff in good faith advised Defendant of said violations of the law.

21. Plaintiff objected to and/or refused to participate in violations of the law.

22. Defendant terminated Plaintiff as a result of his refusal to participate in and/or objection to said violations.

23. As a result of Defendant's termination of his employment, Plaintiff has suffered damages.

24. Plaintiff is entitled to recover, and hereby seeks, said damages, including back pay, emotional distress and/or mental anguish, lost benefits, attorney's fees and costs, and other

damages.

## Prayer for Relief

**WHEREFORE**, plaintiff, Roberto Gonzalez, prays for trial by jury, and after due proceedings are had that there be judgment herein in his favor and against defendant, Premier Quality Imports, L.L.C. d/b/a Premier Honda, for all sums as are reasonable under the premises, including back pay, compensatory damages, punitive damages, reinstatement, front pay, attorneys' fees, costs, and expenses, and all such other relief to which Plaintiff is entitled at law or in equity.

*Plaintiff hereby demands trial by jury.*

Respectfully submitted by:

**PERAGINE LAW FIRM, L.L.C.**

  */s/ Christa H. Forrester*
Christa Hayes Forrester (La. Bar No. 33133)
527 East Boston Street, Suite 201
Covington, Louisiana  70433
Telephone:  (985) 292-3500
Telecopy:   (985) 292-3501
E-mail: christie@plalaw.com

Counsel for Plaintiff,
*Roberto Gonzalez*

**PLEASE HOLD SERVICE**
**PLAINTIFF TO REQUEST WAIVER**

5